RENDERED:  AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1187-MR

DELTORIA KINCAID                                                    APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 23-CR-00684-002

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND LAMBERT, JUDGES.

COMBS, JUDGE:  The Appellant, Deltoria Kincaid, was charged with first-degree strangulation; third-degree assault on a police officer; and resisting arrest.  The Fayette Circuit Court denied her motion to dismiss the indictment; it also denied her motion to suppress police officers' testimony as well as the video evidence captured on their bodycams.  She then pleaded guilty.  She made her plea pursuant to the holding of *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d

162 (1970), reserving the right to appeal her conviction. The circuit court sentenced Kincaid to twelve-months' incarceration, probated for two years. After reviewing the record and considering the arguments of counsel, we affirm the conviction.

On May 21, 2023, officers from the Lexington Police Department responded to a call concerning a disturbance at Gatewood Court in Lexington. This was the second call concerning this address on this same night regarding what the officer's uniform citation referred to as "subjects being involved in an active fight." Following a melee that began at the front door of the residence, both Kincaid, and her son, Terry Philon, Jr., were arrested. On July 24, 2023, Kincaid and Philon were indicted by the grand jury in Fayette Circuit Court.

On January 24, 2024, Kincaid filed a motion to dismiss the indictment. She argued that she was immune from prosecution pursuant to the provisions of KRS[1] 503.085. In pertinent part, KRS 503.085 provides immunity from criminal prosecution to persons who use force in defense of self or others -- unless there is probable cause to believe that the use of force was unlawful. Immunity from prosecution under this provision is not available where the person against whom the force was used is a peace officer who identified himself and was acting in the performance of his official duties.

---

[1] Kentucky Revised Statutes.

The Commonwealth argued that Kincaid was not entitled to immunity from prosecution under this provision because there was probable cause to believe that her use of force was unlawful; *i.e.*, because she had indeed used force against a peace officer who was acting in the performance of his official duties and had identified himself. Although not specifically relevant to the finding of probable cause, the Commonwealth denied that the police officers acted unreasonably at any point and observed that even where arrest of another is *unlawful*, a defendant is not entitled to use force against a police officer. The circuit court determined that there was probable cause to believe that Kincaid's use of force was unlawful and denied her motion to dismiss the indictment in an order entered on February 6, 2024.

Kincaid also joined Philon in a motion to suppress evidence. In response, the Commonwealth noted that no evidence was seized as a result of the disturbance call. It also argued that police officers did not seek to collect evidence of the assaults against them by making unlawful entry into Kincaid's residence; therefore, their testimony and body-cam video should not be suppressed. It argued that the trial court was bound by our decision in *Commonwealth v. Johnson*, 245 S.W.3d 821, 825 (Ky. App. 2008). In *Johnson*, we held that even where a police officer made illegal entry into a residence, evidence of a subsequent assault against the officer could not be ruled inadmissible under the exclusionary rule. Kincaid's

motion to suppress was denied by the trial court by order entered on March 25, 2024.

After the trial court denied her motion to suppress evidence, Kincaid entered her guilty plea on July 1, 2024. The circuit court's final judgment of conviction was entered on August 8, 2024. Kincaid's sentence was suspended, and she was placed on probation for two years. This appeal followed.

On appeal, Kincaid argues that the trial court erred by failing to dismiss the indictment against her because she is immune from prosecution. We disagree.

Following a hearing, the trial court concluded that Kincaid was not entitled to immunity from criminal prosecution pursuant to KRS 503.085 because there was probable cause to believe that her use of force was not legally justified. When reviewing cases involving claims of immunity under this provision, we must consider whether there was a substantial basis for the trial court's conclusion concerning probable cause. *Commonwealth v. Lemons*, 437 S.W.3d 708, 712–13 (Ky. 2014).

The Commonwealth presented evidence to show that Lexington police officers William Gonzales and Myles Foster knocked at the door of Kincaid's residence and announced their presence. They were in full uniform and arrived in a police cruiser. Officer Gonzales reported that when the door was opened, he

explained to the occupants why he and Officer Foster were there. In response, Kincaid's son, Philon, immediately made provocative statements and approached Officer Gonzales in a threatening manner. In order to secure the scene and to prevent escalation, Officer Gonzales attempted to restrain Philon, who began to resist. Kincaid intervened. Philon was eventually restrained and was removed from the residence. However, he continued to resist officers. At this point, Kincaid jumped on Officer Foster's back and choked him until he began to lose consciousness. Other officers responded to the scene and were able to gain control both of Philon and of his mother.

According to Kincaid, after Philon pulled away from Officer Foster, Foster entered her home, and "to protect [Philon] from further injury," she lay down on top of him. "At the assurance of no further harm to her son, [Kincaid] allowed officers to arrest [Philon.]" Kincaid explains that "[t]here is some ambiguity as to how they ended up on the ground, but after [Philon] was arrested and in cuffs, he fell with two officers landing on top of him." That is when Kincaid admits she began to strangle Officer Foster.

Kincaid argues that she is entitled to immunity because Officer Foster was acting "outside the color of official authority and used more force than reasonably necessary" after her son was handcuffed -- "at which point [she] acted in defense of her son." However, when she sought dismissal of the indictment, that

was not the issue before the court. The single issue before the trial court was whether there was probable cause to believe that Kincaid's use of force was not legally justified. "Probable cause has . . . been defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *Lemons*, 437 S.W.3d at 715 (Ky. 2014) (citing *Commonwealth v. Jones*, 217 S.W.3d 190, 200 (Ky. 2006)).

KRS 503.085 specifically denies immunity to a person who uses force against a peace officer who was acting in the performance of his duties and who had identified himself (or the person using force knew or reasonably should have known that the person was a peace officer). Under the undisputed facts, Kincaid knew that Foster was a police officer. Officer Foster arrived at the scene in a police cruiser; he was in uniform; and he identified himself at the door. He explained why he was on the premises, and he effectuated an arrest. Moreover, Officer Foster was clearly acting in the performance of his duties at the time that Kincaid began to strangle him because -- as Kincaid explained -- Philon had been arrested, was in handcuffs, and was being escorted from the residence when she attacked Officer Foster. There is a substantial basis for the trial court's conclusion that probable cause existed to believe that Kincaid's use of force was not legally justified. There is, in fact, no other reasonable conclusion. The trial court did not err by denying Kincaid's motion to dismiss the indictment.

With respect to the trial court's decision to deny her motion to suppress evidence, Kincaid acknowledges that the court relied on what is applicable, binding precedent in *Johnson*, *supra*. However, Kincaid disagrees with that decision and explains that the time has now come to overrule it. She asks this panel to assemble the Court *en banc* in order to reverse the decision of the Fayette Circuit Court.

In *Johnson*, *supra*, the defendant was indicted for assault in the third degree by causing or attempting to cause physical injury to a Kentucky State Police Trooper. Johnson argued that the officer's warrantless entry into his home and his subsequent arrest violated his rights under the Fourth Amendment to the United States Constitution, the Kentucky Constitution, and the provisions of KRS 431.005. Following an evidentiary hearing, the circuit court found that the warrantless entry into the residence where Johnson was sleeping was illegal. It reasoned that if the officers had not entered the residence illegally, the assault would not have occurred. And, upon that basis, the trial court dismissed the indictment against him.

On appeal, we held that we need not decide whether the warrantless entry was illegal if the exclusionary rule could not apply in any event. We noted that courts around the nation have uniformly rejected motions to suppress evidence relating to the defendant's violence toward police officers subsequent to an

unlawful, warrantless entry or an unlawful search and seizure. We concluded that neither the United States Constitution nor the Kentucky Constitution compelled the exclusion of evidence related to independent crimes occurring as a reaction to an unlawful arrest or search and seizure.

Additionally, we observed that enactment of the provisions of KRS 508.025 showed that the General Assembly meant specifically to protect law enforcement officers from violence while performing their public duty. Finally, we noted that pursuant to the provisions of KRS 520.090, the unlawfulness of an arrest is not a defense to a prosecution for resisting arrest. Likewise, we reasoned that the unlawfulness of an entry or search is not a defense to a charge of assault on a police officer. We held that the disputed evidence was indeed admissible at trial.

We reaffirmed *Johnson* in *Pulley v. Commonwealth*, 481 S.W.3d 520 (Ky. App. 2016), wherein we held that the exclusionary rule did not extend to evidence of independent crimes committed by a defendant even where he may have been unlawfully detained. Again, in *Constant v. Commonwealth*, 603 S.W.3d 654, 661 (Ky. App. 2020) (quoting *Pulley*, 481 S.W.3d at 528), we held that "[w]hether or not an officer's actions constitute an illegal search, arrest or detention, our courts reject applying the exclusionary rule to prohibit evidence of a crime that takes place after such a prior illegality."

A decision of a majority of the judges of a panel of this Court constitutes the decision of the Court. *See Davenport v. Kindred Hosps. Limited Partnership*, 709 S.W.3d 137, 144 (Ky. 2024). The Rules of the Supreme Court (SCR) provide the means by which we may overrule our prior decisions. SCR 1.030(7)(d) provides that if it appears that a proposed decision of a panel of this Court is in conflict with the decision of another panel on the same issue, our chief judge may reassign the case to the entire Court. This provision defines and circumscribes our authority to revisit prior decisions. The *en banc* review that Kincaid seeks is not available to her.

The change in the law that Kincaid envisions is unavailable here. Her recourse is to apply for discretionary review in the Supreme Court of Kentucky.

We affirm the Fayette Circuit Court's judgment of conviction.


ALL CONCUR.

BRIEF FOR APPELLANT:

Kayla D. Deatherage
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General0
Frankfort, Kentucky